F.#2010R02495

UNITED STATES DISTRICT COURT    **18 MISC    971**
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA :     SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE    :
USE OF A PEN REGISTER AND A    :
TRAP AND TRACE DEVICE    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Darren A. LaVerne, an Assistant United States Attorney for the Eastern District of

New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122 and 3123,

authorizing for a period of 60 days the installation and use of a pen register and a trap and trace

device on (i) (954) 757-0931, a telephone issued by AT&T, and (ii) (954) 304-6677 and (954)

683-6600, telephones issued by AT&T Wireless (collectively, the "SUBJECT TELEPHONES").

AT&T and AT&T Wireless are referenced herein as the "service providers."

      In support of this application I state the following:

      1.      I am an Assistant United States Attorney in the Office of Loretta E. Lynch,

United States Attorney for the Eastern District of New York. As such, I am an "attorney for the

Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and

therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order authorizing the installation and

use of pen registers and trap and trace devices.

      2.      The Court has authority to order the installation and use of a pen register

or a trap and trace device anywhere in the United States if the Court finds that the attorney for the

government has certified to the Court that the information likely to be obtained is relevant to an

ongoing criminal investigation. 18 U.S.C. §§ 3122 and 3123. As the United States Court of

Appeals for the Second Circuit has explained, an application for a pen register or trap and trace device

> need only identify the applicant and the investigating law
> enforcement agency and certify that "the information likely to be
> obtained is relevant to an ongoing criminal investigation being
> conducted by that agency." 18 U.S.C. § 3122(b)(2). The
> provision was not intended to require independent judicial review
> of relevance; rather, the reviewing court need only verify the
> completeness of the certification.

In re United States, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis added); accord In re Applications, 515 F. Supp. 2d 325, 329 (E.D.N.Y. 2007) (explaining "minimal requirement" of Section 3122(b)).

       3.     Based on information provided to me by special agents of the Federal Bureau of Investigation (the "investigative agency"), I hereby certify that the investigative agency is conducting an ongoing criminal investigation into possible violations of federal criminal laws, including conspiracy to commit racketeering, money laundering and wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, 1349, 1956, 1957 and 1962, by HOWARD SCHWARTZ and others known and unknown, occurring in the Eastern District of New York and elsewhere, and that the information likely to be obtained from a pen register and trap and trace device on the SUBJECT TELEPHONES is relevant to that investigation.

       4.     Based upon the above certification, the government requests that the Court issue an Order that provides:

       a.     Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling

2

information — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1] —

transmitted from the SUBJECT TELEPHONES, to record the date and time of such dialings or

transmissions, and to record the length of time the telephone receiver in question is "off the

hook" for incoming or outgoing calls for a period of 60 days.

        b.     Pursuant to 18 U.S.C. §§ 3122 and 3123, authorization for

installation and use of a trap and trace device on the SUBJECT TELEPHONES to capture and

record the incoming electronic or other impulses which identify the originating numbers or other

dialing, routing, addressing, or signaling information reasonably likely to identify the sources of

wire or electronic communications and to record the date, time and duration of calls created by

such incoming impulses, for a period of 60 days, and that the tracing operations be without

geographical limits.

        c.     Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the

requested installation and use of a pen register and a trap and trace device to include the use of

such a pen register and a trap and trace device on any changed telephone numbers assigned to an

instrument bearing the same ESN/IMSI/IMEI as the SUBJECT TELEPHONES, or any changed

ESN/IMSI/IMEI subsequently assigned to the same telephone numbers as the SUBJECT

TELEPHONES, or any additional changed telephone numbers and/or ESN/IMSI/IMEI, whether

---

[1]     PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to the Service Provider, if possible, the providers will forward only pre-cut-through-dialed digits to the investigative agency. If the providers' technical capabilities require them to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

the changes occur consecutively or simultaneously, listed to the same subscriber and account number as the SUBJECT TELEPHONES within the 60-day period authorized by this Order.

      d.    Pursuant to 18 U.S.C. § 3123(b)(1)(C), authorization for the requested installation and use of a pen register and a trap and trace device to include any changed telephone numbers for the SUBJECT TELEPHONES subsequently listed to the same subscriber and assigned to the same cable, pair and binding post utilized by the SUBJECT TELEPHONES within the 60-day period authorized by this Order.

      5.    The government further requests that the Court direct the service providers, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONES, including telephone numbers and subscriber information (published and non-published, and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

      6.    The government further requests that, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service of the Order upon them, the service providers and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

4

7.      The government further requests that the Order direct the service providers, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.      Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service providers, and any other person or entity whose assistance is used to facilitate execution of the Order be ordered not to disclose to the listed subscriber of the telephone, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Orders to the Service Providers; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONES, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONES, or to any other person, unless and until otherwise ordered by the Court. Because the targets, including SCHWARTZ, are unaware of the full scope and focus of the investigation, any disclosure of the instant application and Order would alert them to the existence of the investigation, which likely would cause them to flee or engage in the destruction of evidence.

9.       No prior request for the relief set forth herein has been made except to the extent set forth above.   The foregoing is affirmed under the penalties of perjury.   <u>See</u> 28 U.S.C. § 1746.

Dated:   Brooklyn, New York
         November 8, 2013

Darren A. LaVerne
Assistant United States Attorney
(718) 254-6783

6

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK    **13 MISC 971**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION    :
OF THE UNITED STATES OF AMERICA    :    SEALED ORDER
FOR AN ORDER AUTHORIZING THE       :    TO AT&T
USE OF A PEN REGISTER AND          :
A TRAP AND TRACE DEVICE            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United States of America,

entered an Order pursuant to 18 U.S.C. §§ 3121 et seq., authorizing the use of a pen register and

a trap and trace device for a period of 60 days on (954) 757-0931, a telephone issued by AT&T

(the "service provider"), in connection with an ongoing criminal investigation;

Now therefore, it is hereby:

1.    ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the

Federal Bureau of Investigation (the "investigative agency") may install, or cause to be installed,

and use a pen register to record or decode dialing, routing, addressing, or signaling information

transmitted from the SUBJECT TELEPHONE to record the date and time of such dialings or

transmissions, and to record the length of time the telephone receiver in question is "off the

hook" for incoming or outgoing calls for a period of 60 days, beginning at any time within 14

days from the date of this Order.

2.    IT IS FURTHER ORDERED that, to the extent possible in light of the

service provider's technical capabilities, the service provider shall forward to the investigative

agency only those digits dialed before a call is cut-through. However, to the extent that the

service provider is unable to exclude post-cut-through dialed digits, the service provider shall forward all dialed digits to the investigative agency.

      3.     IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

      4.     IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number for the SUBJECT TELEPHONE subsequently listed to the same subscriber and assigned to the same cable, pair and binding post utilized by the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

      5.     IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE to include telephone numbers and

3

subscriber information (published and non-published, and excepting call detail records, as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6.     IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

7.     IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.     IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

9.     IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

4

10. IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:     Brooklyn, New York
           November 8, 2013


                              s/Roanne L. Mann
                              HONORABLE ROANNE L. MANN
                              UNITED STATES MAGISTRATE JUDGE
                              EASTERN DISTRICT OF NEW YORK

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

18 MISC     971

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :        SEALED ORDER
FOR AN ORDER AUTHORIZING THE           :        OF AUTHORIZATION
USE OF A PEN·REGISTER AND A             :
TRAP AND TRACE DEVICE                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        This matter comes before the Court pursuant to an application by Assistant United

States Attorney Darren A. LaVerne, an attorney for the Government as defined by Rule 1(b)(1) of

the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental

entity" under 18 U.S.C. § 2703(c) and (d) requesting an Order pursuant to 18 U.S.C. §§ 3122 and

3123, authorizing for a period of 60 days the installation and use of a pen register and a trap and

trace device on (i) (954) 757-0931, a telephone issued by AT&T, and (ii) (954) 304-6677 and

(954) 683-6600, telephones issued by AT&T Wireless (collectively, the "SUBJECT

TELEPHONES").  AT&T and AT&T Wireless are referenced herein as the "service providers."

        UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that the information likely to be

obtained by use of a pen register and a trap and trace device is relevant to an ongoing criminal

investigation being conducted by the Federal Bureau of Investigation (the "investigative agency")

into possible violations of federal criminal laws, including conspiracy to commit racketeering,

money laundering and wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, 1349, 1956, 1957 and

1962, by HOWARD SCHWARTZ and others known and unknown, occurring in the Eastern

District of New York and elsewhere, and that the information likely to be obtained from a pen

register and trap and trace device on the SUBJECT TELEPHONES is relevant to that investigation.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a pen register to record or decode dialing, routing, addressing, or signaling information transmitted from the SUBJECT TELEPHONES — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1] — to record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONES to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60

---

[1]      PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'"   In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008).   Pursuant to the Order to the Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency.   If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through.   Thus no PCTDD will be decoded or accessed by anyone.   See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

3

days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone numbers listed above for the SUBJECT TELEPHONES, but also to any changed telephone number assigned to an instrument bearing the same ESN/IMSI/IMEI as the SUBJECT TELEPHONES, or any changed ESN/IMSI/IMEI subsequently assigned to the same telephone numbers as the SUBJECT TELEPHONES, or any additional changed telephone numbers and/or ESN/IMSI/IMEI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONES within the 60-day period authorized by this Order.

IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone numbers listed above for the SUBJECT TELEPHONES, but also to any changed telephone numbers for the SUBJECT TELEPHONES subsequently listed to the same subscriber and assigned to the same cable, pair and binding post utilized by the SUBJECT TELEPHONES within the 60-day period authorized by this Order.

IT IS FURTHER ORDERED that the service providers and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order notify special agents of the investigative agency, upon oral or written request, of any and all changes in service regarding the SUBJECT TELEPHONES to include telephone numbers and subscriber information (published and non-published and

4

excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service providers and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

IT IS FURTHER ORDERED that the service providers and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service providers and any other person or entity whose assistance is used to facilitate this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

5

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18

U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise

ordered by the Court, and that the service providers, their representatives, agents and employees,

and any other person or entity involved in facilitating this Order shall not disclose in any manner,

directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization;

(b) the existence of the Orders to the Service Providers; and (c) the existence of the pen register

and trap and trace device to the listed subscriber for the SUBJECT TELEPHONES, the

subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the

SUBJECT TELEPHONES, or to any other person.

Dated:      Brooklyn, New York
            November 8, 2013

                        s/Roanne L. Mann

                        ∫HONORABLE ROANNE L. MANN
                        UNITED STATES MAGISTRATE JUDGE
                        EASTERN DISTRICT OF NEW YORK

6

F.#2010R02495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**13 MISC   971**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION :
OF THE UNITED STATES OF AMERICA :     SEALED ORDER
FOR AN ORDER AUTHORIZING THE :     TO AT&T WIRELESS
USE OF A PEN REGISTER AND :
A TRAP AND TRACE DEVICE :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the United States of America,

entered an Order pursuant to 18 U.S.C. §§ 3121 et seq., authorizing the use of a pen register and

a trap and trace device for a period of 60 days on (954) 304-6677 and (954) 683-6600

(collectively, the "SUBJECT TELEPHONES"), telephones issued by AT&T Wireless (the

"service provider") in connection with an ongoing criminal investigation;

Now therefore, it is hereby:

1.      ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the

Federal Bureau of Investigation (the "investigative agency") may install, or cause to be installed,

and use a pen register to record or decode dialing, routing, addressing, or signaling information

transmitted from the SUBJECT TELEPHONES to record the date and time of such dialings or

transmissions, and to record the length of time the telephone receiver in question is "off the

hook" for incoming or outgoing calls for a period of 60 days, beginning at any time within 14

days from the date of this Order.

2.      IT IS FURTHER ORDERED that, to the extent possible in light of the

service provider's technical capabilities, the service provider shall forward to the investigative

agency only those digits dialed before a call is cut-through.   However, to the extent that the

service provider is unable to exclude post-cut-through dialed digits, the service provider shall

forward all dialed digits to the investigative agency.

3.     IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special

agents of the investigative agency may install, or cause to be installed, and use a trap and trace

device on the SUBJECT TELEPHONES to capture and record the incoming electronic or other

impulses which identify the originating number, or other dialing, routing, addressing, and

signaling information reasonably likely to identify the source of a wire or electronic

communication, and to record the date, time, and duration of calls created by such incoming

impulses, for a period of 60 days, beginning at any time within 14 days from the date of this

Order, and that the tracing operations be without geographical limits.

4.     IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(1)(C), that

this authorization for the installation and use of a pen register and a trap and trace device applies

not only to the telephone number listed above for the SUBJECT TELEPHONES, but also to any

changed telephone number assigned to an instrument bearing the same ESN/IMSI/IMEI as the

SUBJECT TELEPHONES, or any changed ESN/IMSI/IMEI subsequently assigned to the same

telephone number as the SUBJECT TELEPHONES, or any additional changed telephone number

and/or ESN/IMSI/IMEI, whether the changes occur consecutively or simultaneously, listed to the

same subscriber and wireless telephone account number as the SUBJECT TELEPHONES within

the 60-day period authorized by this Order.

5.     IT IS FURTHER ORDERED that the service provider and any other

person or entity providing wire or electronic communication service in the United States whose

assistance is used to facilitate execution of the Order notify special agents of the investigative

3

agency, upon oral or written request, of any and all changes (including additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONES to include telephone numbers and subscriber information (published and non-published, and excepting call detail records, as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6. IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that upon service of this Order upon it, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

7. IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8. IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

9. IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States

4

Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

          10.     IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:        Brooklyn, New York
               November 8, 2013

                               s/Roanne L. Mann

                               HONORABLE ROANNE L. MANN
                               UNITED STATES MAGISTRATE JUDGE
                               EASTERN DISTRICT OF NEW YORK